UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSE KETZBEAU**, <br><br> Plaintiff, <br><br> vs. <br><br> **NANCY ABRAHAM,** *et al.*, <br><br> Defendants. | 2:24-CV-13091-TBG-KGA <br><br><br> **CORRECTED ORDER PARTIALLY DISMISSING COMPLAINT** |

Plaintiff Jesse Ketzbeau is a pre-trial detainee being held in custody at the Clare County Jail. Plaintiff brings this civil action against three groups of Defendants: (1) Nancy Abraham, the AUSA handling his pending federal criminal case, (2) eighteen law enforcement officers involved in the investigation of Plaintiff's federal criminal case, and (3) seven employees of the Clare Count Jail, who allegedly prevented Plaintiff from exercising his right to vote. (*See* ECF No. 1, PageID.1, 4-6.)

The complaint will be partially dismissed because the Court will abstain from addressing claims that are aimed at collaterally attacking Plaintiff's pending federal criminal case. Accordingly, the Defendants involved in this set of allegations—Abraham, Nokes, Boudreau, Hawcroft, Baldwin, Morin, Lewis, Bausick,[1] Pletcher, Norris, Kelly,

---

[1] Flint Police Officer Jason Bausick appears twice on the docket entry – once as Jacen Bausick, and once as Jason Bausik. The Court interprets the Complaint to be attempting to identify a single Officer Bausick, who is dismissed from this action.

1

Morrison, Hardy, Swales, Huey, Hoydic, Tierney, and Bigelow—are dismissed from the case.

The case will proceed with respect Defendants Ralph Harrison, Deputy Webster, Deputy Davis, Corporal Dunn, Corporal Sullens, Deputy O'Neil, and Deputy Rideout, on Plaintiff's claim that his right to vote was violated at the Clare County Jail.

## I. LEGAL STANDARD

The case is before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).

Plaintiff has been allowed to proceed without prepaying filing fees. *See* 28 § U.S.C. 1915(a). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a prisoner complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks damages from defendants immune from such relief.

Pro se complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for

the relief sought." FED. R. CIV. P. 8(a)(2)-(3). Rule 8(a) does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998).

## II. FACTUAL ALLEGATIONS

Plaintiff faces carjacking and firearm charges in this Court. (*See* Second Superseding Indictment, ECF No. 84, *United States v. Ketzbeau*, E.D. Mich. No. 4:23-cr-20357.)

In the present complaint, Plaintiff asserts that Defendant Abraham, the AUSA handling his criminal case, is engaging in selective and malicious prosecution. He asserts Abraham chose to prosecute him because he is African American and Muslim, whereas she has not prosecuted similarly situated people with different ethnic backgrounds. Plaintiff also asserts that Abraham is maintaining the charges despite a lack of evidence, and that she fabricated reports related to his case. Finally, Plaintiff asserts that Abraham conspired with his defense attorneys to maintain the case against him. (ECF No. 1, PageID.11-12.)

3

With respect to the seventeen individually named police officers, Plaintiff asserts that they violated his Fourth Amendment rights by arresting him without a warrant and without sufficient evidence. He also asserts they have edited and altered documents related to his criminal case. (*Id.* PageID.13-22, 27-37.)

Finally, with respect to the seven named Clare County Jail employees, Plaintiff asserts that despite his repeated requests, they failed to obtain and provide him with an absentee ballot, thereby denying him his right to vote in the recent election. (*Id.* PageID.25, 38-45.)

Plaintiff seeks monetary damages, dismissal of the criminal charges, and his release from custody. (*Id.*, PageID.9.)

### III. DISCUSSION

### A. Abstention

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973).

Just as this Court would abstain from interfering in a pending state court criminal matter when a state pretrial detainee raises claims challenging those proceedings, considerations of judicial economy and efficient case administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises claims which challenge ongoing

4

federal criminal proceedings. Plaintiff's claims assert that Defendant Abraham and the law enforcement officers involved in his federal criminal case operated in bad faith, but he has alleged no plausible special circumstances justifying a separate civil proceeding. Plaintiff can raise and litigate his prosecutorial and police misconduct claims asserted in this action in the ordinary course of his federal criminal proceedings. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). He may not maintain this parallel civil action to collaterally attack those pending federal criminal proceedings. *See McChester v. Davis*, 2021 U.S. Dist. LEXIS 180719, *5-6 (E.D. Mich. Sept. 22, 2021); *see also Deaver v. Seymour*, 822 F.2d 66, 71, 261 U.S. App. D.C. 334 (D.C. Cir. 1987) ("We cannot allow [a federal criminal defendant] to . . . encourage a flood of disruptive civil litigation [ ] by bringing his constitutional defense in an independent civil suit. Prospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure.").

Accordingly, the Court will exercise its discretion to abstain from considering Plaintiff's claims against Defendants Abraham, Nokes, Boudreau, Hawcroft, Baldwin, Morin, Lewis, Bausick, Pletcher, Norris, Kelly, Morrison, Hardy, Swales, Huey, Hoydic, Tierney, and Bigelow.

### B. Denial of Voting Rights

Plaintiff asserts that the remaining Defendants—Ralph Harrison, Deputy Webster, Deputy Davis, Corporal Dunn, Corporal Sullens,

Deputy O'Neil, and Deputy Rideout—prevented him from obtaining an absentee ballot to vote in the recent election.

"Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964). "People who are otherwise entitled to vote do not lose that right because they are subject to pretrial detention." *Montgomery v. Whidbee*, No. 3:19-CV-00747, 2023 U.S. Dist. LEXIS 31911, 2023 WL 2254531, at *7 (M.D. Tenn. Feb. 27, 2023), report and recommendation adopted sub nom. *Montgomery v. Jamison*, No. 3:19-CV-00747, 2023 U.S. Dist. LEXIS 41627, 2023 WL 2484254 (M.D. Tenn. Mar. 13, 2023) (citing *O'Brien v. Skinner*, 414 U.S. 524, 529-30 (1974) (holding that the voting rights of pretrial detainees otherwise entitled to vote are protected by the Equal Protection Clause of the Fourteenth Amendment)).

"[A] detainee alleging that jail officials—rather than the operation of state law—prevented him from voting . . . must allege that those officials were deliberately indifferent to the detainee's loss of his only available means of exercising his voting rights." *Montgomery v. Whidbee*, No. 3:19-CV-00747, 2021 U.S. Dist. LEXIS 37610, 2021 WL 780730, at *3 (M.D. Tenn. Mar. 1, 2021), report and recommendation adopted, No. 3:19-CV-00747, 2021 U.S. Dist. LEXIS 51143, 2021 WL 1037860 (M.D. Tenn. Mar. 18, 2021), aff'd and remanded, No. 21-5327, 2022 U.S. App. LEXIS 6883, 2022 WL 1008284 (6th Cir. Mar. 16, 2022) (citing *Whitaker v.*

*Gusman*, Civ. Action No. 09-3710, 2010 U.S. Dist. LEXIS 92535, 2010 WL 3528618, at *3 (E.D. La. Aug. 10, 2010)).

The deliberate indifference standard in the Fourteenth Amendment context is an objective one and requires more than mere negligence. *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 595 (6th Cir. 2021). A pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).

Here, viewing Plaintiff's pro se pleading liberally, the complaint states a denial of voting rights claim against this group of Defendants.

## IV. CONCLUSION

For the reasons above, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B) against Defendants Abraham, Nokes, Boudreau, Hawcroft, Baldwin, Morin, Lewis, Bausick, Pletcher, Norris, Kelly, Morrison, Hardy, Swales, Huey, Hoydic, Tierney, and Bigelow.

The case will proceed against Defendants Harrison, Webster, Davis, Dunn, Sullens, O'Neil, and Rideout.

**IT IS SO ORDERED**, this 7th day of March, 2025.

>BY THE COURT:
>
>/s/Terrence G. Berg
>TERRENCE G. BERG
>United States District Judge